[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff commenced this action in contract for monies it claimed it is owed for diesel fuel and gasoline purchased by the defendant corporation, Granger Investment, Inc., d/b/a Mike Granger Trucking Co. (Granger Investment) on a credit card account with the plaintiff.
The total amount of fuel charges claimed to be unpaid is $15,582.43 (Pltff. Ex. 12), plus interest and attorneys fees and costs as provided for in the parties' written contract (Pltff. Ex. 2).
The plaintiff offered evidence and testimony that its sales representative negotiated a contract for the-credit card services with the defendant corporation both by phone and in person and that the representative also provided to the defendant corporation various written materials explaining the card services, including an account application for the defendant's inspection (Pltff. Ex. 1)
The plaintiff also presented as evidence the defendant corporation s executed contract application captioned "Fuelrite Account Request" (Pltff. Ex. 2) (which was executed on a photocopy of the original CT Page 13964 application form) which the defendant corporation submitted over the signature of "Michael Granger, its Officer, Owner, Partner or Authorized Individual." The executed application consisted of only two of the three pages which comprised the original application form. Not part of the executed contract application was a third page (page 3 of 3) which contained the "Business Charge Account Agreement."
Based on the evidence and testimony, the court finds that page 3 of 3, and the "Business Charge Account Agreement"contained therein, was provided to the defendants by the plaintiffs sales representative and, further finds that the terms of that agreement were incorporated by reference and agreed to by the defendants as part of the provisions found on page 2 of 3 of the executed contract.
Critical to the issues before the court is the language found in the "CREDIT CARDS" portion of the Business Charge Account Agreement which expressly provides, "You agree that this agreement controls all purchases made on the account by you or any person who uses your credit card oraccount." (emphasis added).
The contract contained an additional provision acknowledging that the defendant Michael G. Granger, the signor on behalf of the corporate defendant, Granger Investment, had also contracted to personally
guarantee payment and performance under the account established pursuant to the application.
The plaintiff offered detailed accounts and records to establish the amounts of fuel and the value of the fuel sold on the Granger Investment account, as well as to establish the unpaid balance due on said account, including accrued interest, in the amount of $15,582.43 as of October 19, 2000.
The defendants offered evidence and testimony in support of their special defense that any outstanding balance was attributable to "unauthorized" use of their credit card by Gary Moselsky.
Having considered the evidence, the court concludes that the use of the credit cards by Moselsky was not only authorized by the defendants, it was encouraged.
Having considered the evidence and testimony, the court orders that judgment enter against the defendants Granger Investment, Inc., d/b/a Mike Granger Trucking Co. and Michael Granger, jointly and severally, in the amount of $15,582.43, plus interest as of October 19, 2000. Pursuant to the contract, the court also awards the plaintiff counsel fees in the amount of $2,200.00 plus costs taxed in the amount of $523.10. CT Page 13965
The court further finds that pursuant the contract between the parties, the defendant Michael Granger, as guarantor, is personally liable to the plaintiffs for such debt.
Judgment is to enter for the plaintiff and against the defendants Granger Investment, d/b/a Mike Granger Trucking and Michael G. Granger for the amount stated herein above.
By the Court
Joseph W. Doherty, Judge